AO 245 S (Rev. 10/93)(W.D.Tx. Rev.2.0) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Western District of Texas
### AUSTIN DIVISION

UNITED STATES OF AMERICA

v.

DAN LEE
      Defendant.

Case Number   A-99-CR-135(1)JRN
USAO Number  1998RO6838

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, **DAN LEE**, was represented by Stephen L. Schaefer.

The defendant pled guilty to count 1 of the indictment at arraignment on July 1, 1999. Accordingly, the defendant is adjudged guilty of such count, involving the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
|---|---|---|---|
| 21:841(a)(1) | POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE | MAY 1998 | 1 |

As pronounced on **SEPTEMBER 29, 1999**, the defendant is sentenced as provided in pages 2 through 6 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of **$100.00**, for count 1 of the information which shall be due immediately. Said special assessment shall be made to the Clerk, United States District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 29th day of September, 1999.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

Defendant's SSN: 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
Defendant's Date of Birth: 01/31/67
Defendant's Legal Address: None

AO 245 S (Rev. 10/93)(W.D.Tx. Rev. 2.0) Sheet 2 - Imprisonment

Defendant: DAN LEE
Case Number:   A-99-CR-135(1)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **EIGHTEEN (18) MONTHS**.

The defendant is continued in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 S (Rev. 10/93)(W.D.TX. Rev. 2.0) Sheet 3 - Supervised Release

Judgment--Page 3 of 6

Defendant: DAN LEE
Case Number:   A-99-CR-135(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS**.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

x    The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

x    The defendant shall provide the United States Probation Office with access to any requested financial information or documents during the period of supervision.

AO 245 S (Rev. 10/93)(W.D.TX. Rev. 2.0) Sheet 3a - Supervised Release

Defendant: DAN LEE
Case Number:   A-99-CR-135(1)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)   The defendant shall not commit another federal, state, or local crime during the term of supervision.

2)   The defendant shall not illegally possess a controlled substance. Revocation of probation and supervised release is mandatory for possession of a controlled substance.

3)   If convicted of a felony offense, the defendant shall not possess a firearm or destructive device. Probation must be revoked for possession of a firearm.

4)   The defendant shall not leave the judicial district without the permission of the court or probation officer.

5)   The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.

6)   The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7)   The defendant shall support his or her dependents and meet other family responsibilities.

8)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9)   The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 10/93)(W.D.Tx. Rev. 2.0) Sheet 5 - Fine

Defendant: DAN LEE
Case Number:   A-99-CR-135(1)

## FINE

The defendant shall pay a fine of **$2,500.00**.  This fine includes any costs of incarceration and supervision.

If the fine exceeds $2,500.00, interest will accrue on this fine unless the fine is paid in full within 15 days of this judgment pursuant to 18 U.S.C. § 3612(f)(1).

The Court determines that the defendant does not have the ability to pay interest and therefore **waives** the **interest requirement** during the period of incarceration pursuant to 18 U.S.C. § 3612(f)(3).

This fine shall be paid to the Clerk, United States District Court, 200 West 8th Street, Austin, Texas 78701.

The fine shall be paid immediately.  If the defendant is now unable to pay this indebtedness, he shall cooperate fully with the office of the United States Attorney, the Bureau of Prisons and/or the United States Probation Office to make payment in full as soon as possible, including any period of confinement.  Any unpaid balance at the commencement of a term of supervised release may be paid on a schedule of monthly installments to be approved by the Court and becomes a condition of supervision.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed.  See 18 U.S.C. § 3614.

AO 245 S (Rev. 10/93)(W.D.Tx. Rev. 2.0) Sheet 7 - Statement of Reasons

Judgment--Page 6 of 6

Defendant: DAN LEE
Case Number:  A-99-CR-135(1)

## STATEMENT OF REASONS

The court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

Total Offense Level:             17
Criminal History Category:       III
Imprisonment Range:              30 months to 37 months
Supervised Release Range:        3 years
Fine Range:                      $5,000 to $1,000,000
Restitution:                     $ N/A

The fine is **below** the guideline range, because of defendant's inability to pay.

The sentence **departs** from the guideline range upon motion of the government, as a result of defendant's substantial assistance.